IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SILVARIS CORPORATION<br>d/b/a LOWGRADELUMBER,<br><br>　　　Plaintiff,<br><br>vs.<br><br>JOSEPH CRAIG, *et al.*,<br><br>　　　Defendants. | :<br>:<br>:<br>:<br>:<br>: 　CIVIL ACTION NO. 1:21-cv-332-TFM-N<br>:<br>:<br>:<br>: |

**ORDER**

On October 18, 2021, Plaintiff filed its motion to set a hearing on its petition for preliminary injunction, which the Court granted. *See* Docs. 21, 22.  Subsequently, Defendants filed an opposed motion to continue the hearing on preliminary injunction, which the Court denied. *See* Docs. 24, 25.  Now, the parties filed an *Agreed Motion to Continue Hearing on Preliminary Injunction*.  Doc. 26, filed November 2, 2021.  In the motion the parties jointly request the Court indefinitely continue the evidentiary hearing on Plaintiff's petition for preliminary injunction that is scheduled for November 8, 2021, to a date to be scheduled once requested by Plaintiff.  In support of the parties' request, they state a factual record will be necessary to adjudicate Plaintiff's petition for preliminary injunction and, in furtherance of that goal, will determine a proper scope for discovery, and schedule depositions and a document exchange.  They provide no timeline for completion of these discovery matters nor has the Court entered a scheduling order.

Therefore, based on the above, the motion (Doc. 26) is **GRANTED**, and the evidentiary hearing on Plaintiff's petition for preliminary injunction scheduled for November 8, 2021, is **CANCELLED**.  Since the parties state they will engage in discovery, the **CLERK OF COURT**

is **DIRECTED** to enter a preliminary scheduling order so the parties may conduct a planning meeting in accordance with Fed. R. Civ. P. 26.

Finally, the fact that <u>both</u> parties indicate discovery is needed and with no timeline for completion, Plaintiff's petition for preliminary injunction (Doc. 1) is **DENIED without prejudice with leave to refile**.  In acknowledging that discovery is needed to meet its burden (Doc. 26 at 2), implicitly Plaintiff has acknowledged in the present motion, it cannot do so.  Further, the Court is not inclined to keep open a motion for preliminary injunction for an indefinite timeline.  As previously noted, "[t]he chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001) (citation omitted).  By indicating that discovery is needed and by providing no timeline for rescheduling the hearing, the Court determines the more appropriate course of action is to deny the motion with leave to refile once it can be properly supported and a hearing scheduled.  However, nothing in this order precludes Plaintiff from filing a new request for preliminary injunction in the event it is able to support such a request.

**DONE** and **ORDERED** this the 2nd day of November 2021.

                                                  s/Terry F. Moorer
                                                  TERRY F. MOORER
                                                  UNITED STATES DISTRICT JUDGE